Erin Steffin (SBN. 024558)
Law Office of Erin Steffin
3260 N. Hayden Road, Suite 210
Scottsdale AZ 85251
Telephone:  (480) 285-8259
Facsimile:   (480) 452-1205
E-mail: esteffin@gmail.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susan Ellsworth, Personally and as Personal Representative of the Estate of James Dennis Ellsworth, Jr.<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>United States of America,<br><br>　　　　　Defendant. | **No.**<br><br>**COMPLAINT** |

　　　Plaintiff, by and through her attorney, Erin Steffin, Esq., respectfully alleges upon information and belief, the following:

**JURISDICTION AND VENUE**

　　　1. Jurisdiction for this action in the United States District Court arises under 28 U.S.C § 1346(b) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a), which provides that a tort claim which is administratively denied or not

given administrative disposition within 6 months of the filing of the claim may be presented to a Federal District Court for judicial consideration. Venue is based upon 28 U.S.C. 1402(b) in that the acts or omissions complained of occurred within this judicial district.

### COMES NOW PLAINTIFF SUSAN ELLSWORTH, as Personal Representative of the Estate of JAMES DENNIS ELLSWORTH JR., AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT UNITED STATES OF AMERICA

2. Prior to the commencement of this action, Plaintiff Susan Ellsworth was appointed Personal Representative of the Estate of James Dennis Ellsworth Jr., by the Superior Court of the State of Arizona, County of Yavapai.

3. Prior to the commencement of this action, and within 2 years of its accrual, Plaintiff Susan Ellsworth, on behalf of the Estate of James Dennis Ellsworth Jr., presented an Administrative Tort Claims for Damage, Injury or Death (Standard Form 95) to the United States of America, Department of Veterans Affairs, Regional Counsel, 650 East Indian School Road, Phoenix, AZ 85012. Annexed hereto as Exhibit "A" is a copy of said Administrative Tort Claim forms. These claims were acknowledged and were assigned Claim No. VA-12408.

4. The Department of Veterans Affairs has issued an administrative denial of the aforesaid claim.

5. This action was commenced within 6 months of the date of the administrative denial of the aforesaid claim.

6. Plaintiff Susan Ellsworth is a citizen and resident of the State of Arizona, County of Maricopa, within this Judicial District. Prior to his death, Plaintiff's Decedent James Dennis Ellsworth Jr., was a citizen and resident of the State of Arizona, County of Yavapai, within this Judicial District.

7. Plaintiff's Decedent James Dennis Ellsworth, Jr. was a decorated and Honorably Discharged Veteran of the United States Marine Corps.

9. That on or about September 6, 2014, James Dennis Ellsworth, Jr., a resident of the District of Arizona, died as a proximate result of the negligence of defendant United States of America. At that time, James Dennis Ellsworth, Jr. was 36 years old.

9. Decedent left surviving him his mother, Plaintiff Susan Ellsworth, a widow. Decedent was Plaintiff Susan Ellsworth's only child.

10. Upon information and belief, defendant United States of America, at all times mentioned herein, owned, operated, maintained, staffed and controlled medical facilities known as the Veterans Affairs Medical Center, Northern Arizona Health Care System (hereinafter "VAMC"), within this judicial district.

11. Upon information and belief, the physicians, surgeons, nurses, attendants, anesthesiologists, nurse anesthetists, assistants, consultants, staff

members, and other medical care providers at the VAMC were the ostensible agents, actual agents and employees of the Defendant United States of America, and in doing the things hereinafter mentioned, were acting within the scope of their authority as such agents and employees with the consent of Defendant United States of America.

12. That Plaintiff's Decedent James Dennis Ellsworth, Jr. was a patient of and has been treated at the VAMC for many years up to the time of his death.  As an honorably discharged veteran of the United States military, he was entitled to receive and he had sought, consulted and engaged the services of the above-described physicians, surgeons, nurses, attendants, assistants, consultants and the like at the VAMC to examine, diagnose and provide care and treatment to him and do all things necessary in his care and treatment.  The Defendant undertook and agreed to diagnose Plaintiff's Decedent's physical condition and to care for, treat and deliver and do all things necessary and proper in connection therewith thereby creating a duty of care to Plaintiff's Decedent James Dennis Ellsworth, Jr.   Among the conditions for which Plaintiff's Decedent presented himself to the VAMC were ongoing complaints of a psychiatric nature.

13. Commencing in or about the year 2014, James Dennis Ellsworth, Jr. began to complain to the VAMC of symptoms of depression, anxiety, paranoia, fear, and of being out of control of his medications.  His symptoms progressed, and

he presented to the emergency room at the VAMC multiple times in 2014.  Each time he complained of increasingly more severe symptoms of depression, anxiety and fear.

14. On or about September 4, 2014, James Dennis Ellsworth, Jr. presented once again to the emergency room of the VAMC.  The records of the VAMC document that he complained of increased anxiety and paranoia and that he was also suffering from auditory hallucinations.  Physical examination revealed that he was suffering from tachycardia.

15. Despite these symptoms and complaints, James Dennis Ellsworth, Jr. was not admitted to the hospital nor was any type of psychological assessment made nor was he assessed for risk of suicide.  No review of his psychotropic medications was made nor was any assessment of his use of those prescribed drugs undertaken by the VAMC.  Instead, he was sent home after only a cursory examination by the VAMC staff.

16. After being sent home by the VAMC, James Dennis Ellsworth, Jr. barricaded himself inside his room in his apartment.  In his hallucinogenic and delusional state, he rigged wires to electrify his front door to protect against whatever he believed was coming after him.  James Dennis Ellsworth, Jr. then hung himself.  He died on September 6, 2014.

COMPLAINT

17. That at all times hereinafter mentioned, Defendant, in rendering medical care and treatment to the plaintiff's decedent James Dennis Ellsworth, Jr., owed him the duty to use a reasonable degree of learning and skill, the duty to use reasonable care and diligence in the exercising of that learning and skill, the duty to employ approved methods in general use in the medical field, and the duty to use their best judgment in the care and treatment of the plaintiff's decedent.

18. That in the aforementioned treatment of Plaintiff's Decedent James Dennis Ellsworth, Jr. and specifically with respect to the handling, diagnosis, control, care, and treatment of plaintiff's decedent's psychiatric condition, the Defendant herein, by and through its ostensible agents, actual agents, and employees, negligently failed to possess and to exercise that degree of knowledge and skill ordinarily possessed and exercised by other hospitals, physicians, nurses, attendants, assistants, consultants and contractors in the same or similar locality.

19. Defendant, its agents, servants, physicians, staff members, employees and/or independent contractors were careless and negligent in the ownership, operation, management, maintenance, supervision and control of the aforesaid VAMC and failed to properly and appropriately provide the necessary and required medical care and treatment to the plaintiff's decedent for the conditions with which he presented, to wit, complaints of depression, anxiety, fear, paranoia and hallucinations, and negligently failing to timely and properly diagnose and treat

plaintiff's decedent's condition; delayed in the proper diagnosis of plaintiff's decedent's condition; failed to properly conduct a proper medical investigation into the cause of plaintiff's decedent's symptoms; failed to take a proper medical history from plaintiff's decedent; failed to properly examine plaintiff's decedent and failed to perform proper follow-up examinations; failed to properly and timely order and perform diagnostic tests and procedures including x-rays, CT Scans, MRIs, biopsies and other radiologic and medical studies and procedures to assess the nature of plaintiff's decedent's complaints and to aid in the proper diagnosis of plaintiff's decedent's condition; failed to perform a proper psychiatric evaluation of plaintiff's decedent; failed to perform a suicide risk assessment of plaintiff's decedent; failed to appreciate the significance of plaintiff's decedent's symptoms and complaints; failed to consult with appropriate specialists including psychiatrists and psychologists; failed to admit plaintiff's decedent to the hospital for evaluation of his condition; failed to properly prescribe medications for the treatment of plaintiff's decedent's condition; failed to properly monitor medications that had been prescribed; failed to take a proper medication history from plaintiff's decedent; failed to determine that plaintiff's decedent was at risk for harm to himself and of suicide; failed to contact plaintiff's decedent's family after he presented to the VAMC with complaints of hallucinations; in departing from the good and accepted standards of medical care and practice; and was

otherwise careless and negligent and failed to act in a reasonable and acceptable medical manner.  Plaintiff also relies upon the doctrine of Res Ipsa Loquitur but hereby reserves her right to prove the defendant was negligent as more specifically set forth herein.

20. As a proximate result of the aforesaid negligence and failure to properly treat plaintiff's decedent, plaintiff's decedent James Dennis Ellsworth, Jr. committed suicide by hanging and died as a result.

21. Prior to his death, as a direct and proximate cause of the negligence of Defendant as aforesaid, Plaintiff's Decedent James Dennis Ellsworth, Jr. suffered severe pain and suffering and mental anguish, and thereby sustained damages in the amount of $100,000,000.00.

**COMES NOW PLAINTIFF SUSAN ELLSWORTH, as Personal Representative of the Estate of JAMES DENNIS ELLSWORTH JR., AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT UNITED STATES OF AMERICA**

22. Plaintiff repeats and incorporates herein all of the allegations set forth in the previous paragraphs of this Complaint.

23. As a proximate result of the aforesaid negligence and failure to properly treat plaintiff's decedent, Plaintiff Susan Ellsworth, the heir of decedent James Dennis Ellsworth, Jr. has been deprived of the society, comfort, protection,

services, love, moral support, companionship and financial support of said decedent, and has been caused to incur expenses including funeral costs and medical expenses, and thereby sustained damages in the amount of $100,000,000.00.

19. That as a further result of the negligence of the defendant, Plaintiff Susan Ellsworth, the mother of decedent James Dennis Ellsworth, Jr., has suffered catastrophic emotional pain, distress, grief, and loss at the premature death of her only child and last member of her family.

20. That by reason of the foregoing, plaintiff Susan Ellsworth has been damaged in a sum not to exceed $100,000,000.00.

WHEREFORE, plaintiff demands judgment against the defendant as follows, together with the interest, costs and disbursements of this action:

1. For the First Cause of Action:

    A. Judgment against Defendant United States of America in the amount of $100,000,000.00, together with the interest, costs and disbursements of this action.

2. For the Second Cause of Action:

    A. Judgment against Defendant United States of America in the amount of $100,000,000.00, together with the interest, costs and disbursements of this action.

3. An award of prejudgment interest, attorney's fees, costs of this action and other expenses; and,

4. An award of such other and further relief as this Court may deem just and proper.

Dated: July 6, 2016                     Law Office of Erin Steffin

                                          ___/s/ Erin Steffin_____
                                          By:  Erin Steffin, Esq. (SBN. 024558)
                                          Attorney for Plaintiff