EXHIBIT A

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Department of Veterans Affairs<br>Office of Regional Counsel (644/02)<br>650 East Indian School Road, Building 24<br>Phoenix AZ 85012 | Susan Y. Ellsworth, Mother and Next of Kin<br>c/o Law Office of Erin Steffin<br>3260 N. Hayden Road Ste 210<br>Scottsdale AZ 85251 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| [ ] MILITARY  [X] CIVILIAN | (redacted) | W | 09/06/2014 | NA |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

***PLEASE SEE ATTACHED #8***

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

NA

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

NA

10. PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

***PLEASE SEE ATTCHED #10***

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| STAFF | VA NORTHERN ARIZONA HCS |

12. (See instructions on reverse). AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| 0.00 | 0.00 | 100,000,000 | 100,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| Susan Y Ellsworth (signature) | c/o 480-285-8259 | 08/12/2015 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001). |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

| INSURANCE COVERAGE |
|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property. |

15. Do you carry accident Insurance?  [ ] Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   [X] No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?   [ ] Yes  [X] No   | 17. If deductible, state amount.

0.00

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).
NA

19. Do you carry public liability and property damage insurance?  [ ] Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   [X] No
NA

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

**Law Office of Erin Steffin**
3260 N. Hayden Road, Suite 210
Scottsdale AZ 85251
P: 480.285.8259 F: 480.452.1205 W: www.esteffinlaw.com

ADMINISTRATIVE TORT CLAIM OF SUSAN Y. ELLSWORTH

ATTACHMENT TO #8:

Claimant is the mother and only surviving relative and next of kin of the deceased veteran, Mr. James D. Ellsworth, Jr, who sought medical care and treatment at VAMC locations Northern Arizona Healthcare System ("VAMC" or "DVA") for years, at least since 2013 and continuing through his death on September 6, 2014. In 2014, claimant's son presented to VAMC on multiple occasions requesting VAMC assistance and treatment with what VAMC diagnosed as multiple psychiatric conditions including but not limited to psychosis, bipolar disorder, mood disorder, et cetera. VAMC further acknowledged multiple risk factors for self harm including but not limited to history of polysubstance disorder, episodic alcohol intoxication, peripheral nerve disorders, social phobia, intermittent homelessness, et cetera. The veteran presented to VAMC in September 4, 2014 complaining of an extended history of anxiety, insomnia, delusions, hallucinations, paranoia, et cetera again requesting admission and assistance in stabilization and treatment by VAMC. The claimant's son very clearly explained that he was experiencing auditory hallucinations and paranoia. VAMC nonetheless failed to perform and interpret proper diagnostic and intervention procedures, testing, and failed to refer the veteran to an appropriate psychiatric intervention and consultant for testing and inpatient stabilization and treatment. VAMC never even asked him to describe his hallucinations and explain his fears. While the veteran remained in the exclusive care and control of the VAMC, the VAMC negligently failed to perform adequate workup, examination, and negligently failed to provide him with treatment and stabilization. This veteran was released without follow up and sealed himself in his room at home and killed himself by asphyxia due to hanging. The veteran in so much fear that he had attempted to rig the door to his room with electrical wires to protect him from what he feared was coming to get him. VAMC was further negligent as follows: in failing to immediately provide psychiatric workup and intervention, in failing to refer to a qualified specialist, in failing to provide competent clinical and psychiatric examination, failing to provide informed consent, and failing to properly institute appropriate clinical intervention and therapy. DVA negligently failed to conform to the standard of medical care in the private community, a standard to which the DVA is held pursuant to the FTCA. DVA was negligent in failing to supervise health care providers, including physicians, physicians in training, physician's assistants, nurses, nurse practitioners, social workers, et cetera. DVA's negligence, actions, and failure to take appropriate action pertaining to this patient led directly to his injuries and damages and loss, specifically, his premature and untimely death on September 6 2014.

ATTACHMENT TO #10: WRONGFUL DEATH:

As a direct and proximate result of the VA negligence in the care and treatment of claimant, claimant sustained injuries/damages/loss, including but not limited to pain/suffering/emotional distress, and the premature and untimely death of her only son and only relative.

_____    08/12/2015
SUSAN Y. ELLSWORTH, Mother and NOK    DATE

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

**1. Submit to Appropriate Federal Agency:**

Department of Veterans Affairs
Office of Regional Counsel (644/02)
650 East Indian School Road, Building 24
Phoenix AZ 85012

**2. Name, address of claimant, and claimant's personal representative if any.** (See instructions on reverse). Number, Street, City, State and Zip code.

Estate of James Dennis Ellsworth, Jr
c/o Law Office of Erin Steffin
3260 N. Hayden Road Ste 210
Scottsdale AZ 85251

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | [redacted] | S | 09/06/2014 | NA |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

***PLEASE SEE ATTACHED #8***

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

NA

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

NA

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

***PLEASE SEE ATTCHED #10***

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| STAFF | VA NORTHERN ARIZONA HCS |

**12. AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| 0.00 | 0.00 | 100,000,000 | 100,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| Susan Y Ellsworth (signature) | c/o 480-285-8259 | 08/12/2015 |

**CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM**

The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729).

**CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS**

Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.)

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

| INSURANCE COVERAGE |
|---|

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance?  ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.  ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?   ☐ Yes  ☒ No

17. If deductible, state amount.

0.00

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

NA

19. Do you carry public liability and property damage insurance?  ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).  ☒ No

NA

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

**Law Office of Erin Steffin**
3260 N. Hayden Road, Suite 210
Scottsdale AZ 85251
P: 480.285.8259 F: 480.452.1205 W: www.esteffinlaw.com

ADMINISTRATIVE TORT CLAIM OF THE ESTATE OF JAMES D. ELLSWORTH, JR

ATTACHMENT TO #8:

Claimant is the estate of the deceased veteran, Mr. James D. Ellsworth, Jr, who sought medical care and treatment at VAMC locations Northern Arizona Healthcare System ("VAMC" or "DVA") for years, at least since 2013 and continuing through his death on September 6, 2014. In 2014, claimant presented to VAMC on multiple occasions requesting VAMC assistance and treatment with what VAMC diagnosed as multiple psychiatric conditions including but not limited to psychosis, bipolar disorder, mood disorder, et cetera. VAMC further acknowledged multiple risk factors for self harm including but not limited to history of polysubstance disorder, episodic alcohol intoxication, peripheral nerve disorders, social phobia, intermittent homelessness, et cetera. The veteran presented to VAMC in September 4, 2014 complaining of an extended history of anxiety, insomnia, delusions, hallucinations, paranoia, et cetera again requesting admission and assistance in stabilization and treatment by VAMC. The claimant very clearly explained that he was experiencing auditory hallucinations and paranoia. VAMC nonetheless failed to perform and interpret proper diagnostic and intervention procedures, testing, and failed to refer the veteran to an appropriate psychiatric intervention and consultant for testing and inpatient stabilization and treatment. VAMC never even asked him to describe his hallucinations and explain his fears. While the veteran remained in the exclusive care and control of the VAMC, the VAMC negligently failed to perform adequate workup, examination, and negligently failed to provide him with treatment and stabilization. This veteran was released without follow up and sealed himself in his room at home and killed himself by asphyxia due to hanging. The veteran in so much fear that he had attempted to rig the door to his room with electrical wires to protect him from what he feared was coming to get him. VAMC was further negligent as follows: in failing to immediately provide psychiatric workup and intervention, in failing to refer to a qualified specialist, in failing to provide competent clinical and psychiatric examination, failing to provide informed consent, and failing to properly institute appropriate clinical intervention and therapy. DVA negligently failed to conform to the standard of medical care in the private community, a standard to which the DVA is held pursuant to the FTCA. DVA was negligent in failing to supervise health care providers, including physicians, physicians in training, physician's assistants, nurses, nurse practitioners, social workers, et cetera. DVA's negligence, actions, and failure to take appropriate action pertaining to this patient led directly to his injuries and damages and loss, specifically, his premature and untimely death on September 6 2014.

ATTACHMENT TO #10: WRONGFUL DEATH:

As a direct and proximate result of the VA negligence in the care and treatment of claimant, claimant sustained injuries/damages/loss, including but not limited to pre-death pain/suffering/emotional distress, and premature and untimely death.

_Susan Y. Ellsworth_    08/12/2015
SUSAN Y. ELLSWORTH, Mother and NOK    DATE
For the ESTATE OF JAMES D. ELLSWORTH, JR