**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susan Ellsworth, | No. CV-16-08150-PCT-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

James Ellsworth Jr. ("Ellsworth") was a patient at the Northern Arizona Veterans Affairs Health Care System (VA) in Prescott, Arizona from approximately August 2012 until his death on September 6, 2014. On August 4, 2014, Ellsworth received treatment at the VA mental health clinic from Eleanor Hollingsworth, a certified psychiatric mental health nurse practitioner (NP). When Ellsworth returned to the VA on September 4, 2014, registered nurse Suzanne Ball found him "curled up in a ball crying." Nurse Ball escorted Ellsworth to the mental health clinic, but there were no providers available to see him. Instead, Nurse Ball was directed to escort Ellsworth to the emergency department, where Dr. Steven Chintis, an emergency room physician board certified in internal medicine, conducted mental health and suicide risk assessments. Two days later, Ellsworth committed suicide.

Ellsworth's mother, Plaintiff Susan Ellsworth, brings this medical malpractice action against Defendant the United States of America under the Federal Tort Claims Act

(FTCA), alleging that Dr. Chintis and NP Hollingsworth provided her son with substandard treatment.[1] At issue is Defendant's motion for summary judgment and Plaintiff's request for relief under Federal Rule of Civil Procedure 56(d), which are fully briefed. (Docs. 53, 61, 66.) During a March 6, 2018 status conference, the Court advised the parties that it would grant Plaintiff's Rule 56(d) request, and grant in part and deny in part Defendant's motion for summary judgment. (Doc. 69.) This order explains the Court's reasons.

**I. Legal Standard**

Summary judgment is appropriate when there is no genuine dispute as to any material fact and, viewing those facts in a light most favorable to the nonmoving party, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material if it might affect the outcome of the case, and a dispute is genuine if a reasonable jury could find for the nonmoving party based on the competing evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The burden then shifts to the non-movant to establish the existence of material factual issues that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

If, however, the "nonmovant shows by affidavit or declaration that . . . it cannot present facts essential to justify its position," the court has discretion to deny or defer consideration of the motion for summary judgment and allow the nonmovant to take

---

[1] Plaintiff was appointed Personal Representative of the Estate of James Ellsworth Jr., and she brings this action personally and on behalf of Ellsworth's estate. (Doc. 14 at 2.)

- 2 -

additional discovery. Fed. R. Civ. P. 56(d). "To prevail on a request for additional discovery under Rule 56(d), a party must show that (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment."[2] *Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 619-20 (9th Cir. 2017) (internal quotation and citation omitted).

**II. Discussion**

Under the FTCA, a plaintiff may bring a claim in federal court against the United States:

> for injury or loss of property, or personal injury . . . caused by the negligent . . . act or omission of any employee of the Government while acting within the scope of his office or employment, under the circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). Here, Arizona law governs Dr. Chintis' and NP's Hollingsworth's liability because Ellsworth received his medical care in Arizona. *See Mundt v. United States,* 611 F.2d 1257, 1259 (9th Cir. 1980).

In Arizona, medical malpractice claims are governed by statute. To succeed on a medical malpractice claim, a claimant must establish that: (1) "the health care provider failed to exercise that degree of care, skill and learning expected of a reasonable, prudent health care provider in the profession or class to which he belongs within the state" and (2) that "[s]uch failure was a proximate cause of the injury." A.R.S. § 12-563. Additionally, "[u]nless malpractice is grossly apparent, the standard of care must be established by expert medical testimony."[3] *Rasor v. Northwest Hosp., LLC*, 403 P.3d 572, 575 (Ariz. 2017).

---

[2] Some cases cited refer to the former Rule 56(f), which is substantively the same as the current Rule 56(d). *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 899 n.7 (9th Cir. 2012).

[3] This case does not involve malpractice that is so grossly apparent that expert medical testimony is not needed.

Likewise, the requisite expert witness qualifications are governed by statute:

> A. In an action alleging medical malpractice, a person shall not give expert testimony on the appropriate standard of practice or care unless the person is licensed as a health professional in this state or another state and the person meets the following criteria:
>
> 1. If the party against whom or on whose behalf the testimony is offered is or claims to be a specialist, specializes at the time of the occurrence that is the basis for the action in the same specialty or claimed specialty as the party against whom or on whose behalf the testimony is offered. If the party against whom or on whose behalf the testimony is offered is or claims to be a specialist who is board certified, the expert witness shall be a specialist who is board certified in that specialty or claimed specialty.
>
> 2. During the year immediately preceding the occurrence giving rise to the lawsuit, devoted a majority of the person's professional time to either or both of the following:
>
> (a) The active clinical practice of the same health profession as the defendant and, if the defendant is or claims to be a specialist, in the same specialty or claimed specialty.
>
> (b) The instruction of students in an accredited health professional school or accredited residency or clinical research program in the same health profession as the defendant and, if the defendant is or claims to be a specialist, in an accredited health professional school or accredited residency or clinical research program in the same specialty or claimed specialty.

A.R.S. § 12-2604.

Defendant argues that it is entitled to summary judgment because Plaintiff cannot establish an essential element of her claim: breach of the standard of care. Specifically, Defendant argues that Plaintiff's claims center on care Ellsworth received from Dr. Chintis and NP Hollingsworth, but Plaintiff's medical expert, Dr. Lawrence Sporty, is not qualified to opine on the standards of care applicable to these providers.[4] The Court agrees.

---

[4] Defendant also argues that Dr. Sporty is unqualified to opine on the standards of care applicable to Dr. Bruce Ruekberg, Ellsworth's psychiatrist, and Nurse Ball. In her first amended complaint, Plaintiff alleges generally that Defendant, its agents, and employees, fell below the standard of care, but did not identify specific providers. (Doc. 14 ¶¶ 19-21.) Plaintiff has since clarified that her claims are based on care Ellsworth received from Dr. Chintis and NP Hollingsworth. The Court therefore limits its analysis to these providers.

First, Dr. Sporty is not qualified to opine on the standard of care applicable to NP Hollingsworth because, in the year preceding Ellsworth's treatment at the VA, Dr. Sporty neither actively practiced as an NP, nor did he teach NP students at an accredited health professional school. A.R.S. § 12-2604(A)(2); *Sanchez v. Old Pueblo Anesthesia*, 183 P.3d 1285, 1290 (Ariz. Ct. App. 2008); *see also M.M. v. Yuma Cty.*, No. 2:07-cv-01270 JWS., 2011 WL 5974615, at *4 (D. Ariz. Nov. 29, 2011) (concluding that a medical doctor is not a licensed physician's assistant and therefore is not qualified under § 12-2604(A)(2) to opine on the standard of care for a physician's assistant).

Second, Dr. Sporty is not qualified to opine on the standard of care applicable to Dr. Chintis because the two physicians do not share the same specialty. "[A]n expert must establish the same specialization as the health care provider under § 12-2604(A) when the care or treatment at issue was within that specialty." *Rasor*, 403 P.3d at 577. This principle extends to a care within a claimed specialty, which "refers to situations in which a physician purports to specialize in an area that is eligible for board certification, regardless of whether the physician in fact limits his or her practice to that area." *Baker v. Univ. Physicians Healthcare*, 296 P.3d 42, 49 (Ariz. 2013).

Although Dr. Chintis specializes in internal medicine, it is undisputed that the care at issue was not within that specialty and, therefore, Dr. Sporty need not specialize in internal medicine. Instead, at the time he treated Ellsworth, Dr. Chintis worked full-time as an emergency department physician and saw patients only in that capacity. Emergency medicine is a certifiable specialty.[5] Accordingly, Dr. Chintis' claimed specialty at the relevant time was emergency medicine. *See Massara v. U.S.*, No. CV-13-269-TUC-BPV, 2014 WL 12527303, at *4 (D. Ariz. Sept. 23, 2014) (finding emergency medicine to be the relevant claimed specialty when physician "was holding himself out and working as an emergency physician when he provided care . . . in the emergency room"). Dr. Sporty is board certified in psychiatry and neurology, but does not specialize

---

[5] The American Board of Emergency Medicine is one of 24 medical specialty certification boards recognized by the American Board of Medical Specialties. *See* https://www.abem.org/public/.

- 5 -

or claim to specialize in emergency medicine. He therefore cannot opine on the standard of care applicable to Dr. Chintis.

Contrary to Plaintiff's argument, Dr. Chintis did not hold himself out as a psychiatrist merely because he provided Ellsworth with psychiatric treatment. Emergency room physicians, by nature, will provide a wide range of treatment depending on the conditions presented by each patient. Defendants' emergency medicine expert, Dr. J. Scott Lowry, explains that it is within "the scope of practice" of a physician practicing emergency medicine to treat a patient who reports to the emergency department, and that the scope of practice is unaffected "by the patient's reasons for reporting to the emergency department." (Doc. 66-1 ¶¶ 7-8.) If the Court were to conclude otherwise, it would expand liability for emergency medical providers by holding them to the standards of care applicable to specialists in every field of medicine that might be relevant to the conditions they treat in the emergency room. Such a result would undermine the Arizona legislature's intent to ensure comparable training and experience between experts and defendant physicians. *Baker*, 296 P.3d at 46.

Although ordinarily "a plaintiff's failure to provide a qualified standard-of-care expert would justify summary judgment for the defense," the Court may deny summary judgment and allow the plaintiff to nominate a new expert where the plaintiff properly seeks relief under Rule 56(d). *Rasor*, 403 P.3d at 576-78. In determining whether to grant such relief, the Court considers "both the good faith or lack thereof of the plaintiff in proposing the initial expert whose qualifications are questioned on summary judgment, as well as the defendant's waiting to challenge the proposed expert until this later stage of litigation rather than under § 12-2603 if the qualifications were plainly inadequate in the affidavit." *Id.* at 577.

Plaintiff has identified two new experts to opine on the standard of care applicable to Dr. Chintis—Dr. Michael Ritter, a physician board certified in emergency medicine, and Dr. Neil Farber a physician board certified in internal medicine. (Doc. 61-12 at 3.) Although Dr. Farber is precluded from testifying for the same reasons as Dr. Sporty, Dr.

Ritter appears to share the same claimed specialty as Dr. Chintis. (Doc. 61-5 at 1). Moreover, Dr. Ritter's expert report and disclosure materials were attached with the Rule 56(d) motion. (*Id.*) The Court also finds that, in fairness, Plaintiff should be permitted to substitute experts at this time. Plaintiff, however, has not nominated a new expert who is qualified to opine on the standard of care applicable to NP Hollingsworth. Summary judgment therefore is appropriate to the extent Plaintiff's claims are based on care Ellsworth received from this provider.

**III. Conclusion**

For these reasons, the Court finds that Dr. Sporty is not qualified to opine on the standards of care applicable to Dr. Chintis and NP Hollingsworth. The Court denies summary judgment to the extent Plaintiff's claims are based on care Ellsworth received from Dr. Chintis because Plaintiff has appropriately requested to substitute experts pursuant to Rule 56(d). The Court grants summary judgment on claims related to care Ellsworth received from NP Hollingsworth because Plaintiff has not nominated a qualified substitute expert.

**IT IS ORDERED** that:

1. Defendant's motion for summary judgment (Doc. 53) is **GRANTED IN PART** and **DENIED IN PART** as explained herein.

2. Plaintiff's request for relief under Rule 56(d) (Doc. 61) is **GRANTED** as explained during the March 6, 2018 telephonic status conference.

Dated this 13th day of April, 2018.

Douglas L. Rayes
United States District Judge